742 F.2d 1323
 84-2 USTC P 9823
 UNITED STATES of America; R.W. Little, Revenue Officer,
Internal Revenue Service; and Carolyn G. Smith,
Revenue Representative, Internal Revenue
Service, Plaintiffs-Appellees,
v.
Clifford C. GOEHRING, Defendant-Appellant.
 No. 84-7235.
 United States Court of Appeals,
Eleventh Circuit.
 Sept. 27, 1984.
 
 Lowell H. Becraft, Jr., Huntsville, Ala., for defendant-appellant.
 Frank W. Donaldson, U.S. Atty., Caryl P. Privett, Asst. U.S. Atty., Birmingham, Ala., Michael L. Paup, Chief, Appellate Section, Glenn L. Archer, Jr., Charles E. Brookhart, John P. Griffin, Tax Division, Dept. of Justice, Washington, D.C., for plaintiffs-appellees.
 Appeal from the United States District Court for the Northern District of Alabama.
 Before KRAVITCH and HENDERSON, Circuit Judges, and ALLGOOD*, District Judge.
 PER CURIAM:
 
 
 1
 The appellant, Goehring, appeals from a contempt order issued subsequent to the appellant's failure to comply with an enforcement order. The appellant raises two issues on appeal: (1) whether the district court erred in citing the appellant for contempt for his failure to produce the books and records sought by the I.R.S. summons; and (2) whether the district court erred by not making specific findings of fact and conclusions of law in its contempt order. Finding no error in the action of the district court, we affirm.
 
 
 2
 On February 10, 1982, an Internal Revenue summons was served on the appellant, Goehring, directing him to appear and testify on February 23, 1982 and to produce for inspection and examination any books, records and other documents relevant to his income for the tax years 1979 and 1980. The appellant appeared on February 23 but refused to testify or to produce the requested documents. The government commenced enforcement proceedings and a hearing was held on November 30, 1982, to determine whether the summons should be enforced. On December 3, 1982 the district court entered an order directing enforcement of the summons, which was affirmed by this court on August 12, 1983, 714 F.2d 157.
 
 
 3
 Upon the appellant's continued failure to comply, the United States initiated contempt proceedings in the district court. After a hearing on April 6, 1984, the district court entered an order holding the appellant in contempt and committing him to the custody of the United States Marshal.
 
 
 4
 The appellant argues that he has been caught in a "trap" caused by changes in decisional law. He states that at the time of the first hearing (November 30, 1982) the law in this circuit was based upon the Supreme Court case, Boyd v. United States, 116 U.S. 616, 6 S.Ct. 524, 29 L.Ed. 746 (1886) which held that books and records of an individual or sole proprietor were entitled to Fifth Amendment protection. United States v. Davis, 636 F.2d 1028 (5th Cir., 1981). The appellant contends that at the November 1982 hearing before the district court, no evidence was offered to show that the appellant possessed the records sought by the summons and that at that time the appellant could not state that he did not possess the records because such a statement would have subjected him to criminal prosecution under the "failure to keep records" provisions of 26 U.S.C. Sec. 7203. On February 28, 1984, the Supreme Court rendered its decision in United States v. Doe, --- U.S. ----, 104 S.Ct. 1237, 79 L.Ed.2d 552 (1984), which overruled Boyd and held that books and records sought via summons or subpoena were no longer to be given Fifth Amendment protection. At this point, the appellant contends it became necessary to assert a defense based upon Doe: that he did not possess such records. The appellant contends that under the Davis decision he could not have been held in contempt for this valid assertion of the Fifth Amendment and that he should not be held in contempt now for asserting a defense consistent with Doe, the case that overruled Davis.
 
 
 5
 This court is not persuaded by this argument. The case is clearly controlled by the recent Supreme Court decision in United States v. Rylander, 460 U.S. 752, 103 S.Ct. 1548, 75 L.Ed.2d 521 (1983). There the Supreme Court held that a person who seeks to avoid a finding of contempt for failure to produce records as directed by a summons enforcement order cannot raise for the first time in contempt proceedings the nonexistence of these records.
 
 
 6
 This court also finds no merit in the appellant's assertion of error in the district court's April 6, 1984 order. The court's order of April 6, 1984 clearly refers to the order of December 3, 1982. The December order contains sufficient findings of fact and conclusions of law for this court to perform its proper function and for the appellant to clearly understand the basis for the contempt order.
 
 
 7
 There being no error in the actions of the district court, we AFFIRM.
 
 
 
 *
 Honorable Clarence W. Allgood, U.S. District Judge for the Northern District of Alabama, sitting by designation